IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES N. OWENS,

        Plaintiff,                        Case No. 2:12-cv-2133 KJM DAD PS

     v.

OFFICER D SAUNDERS,              FINDINGS AND RECOMMENDATIONS

        Defendant.

_____/

        Plaintiff James Owens is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

        Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.  "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)).  See also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is

1

bound to deny a motion seeking leave to proceed in forma pauperis."). Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Here, plaintiff's complaint does not contain a short and plain statement of plaintiff's claim showing that he is entitled to relief. In this regard, plaintiff alleges in his

1  complaint the following. On the morning of July 21, 2011, plaintiff walked down to "his mine
2  claim" and discovered that "two felons from Idaho," Janet Sylden and Russell Nuxoll, "had
3  jumped his claim and moved in . . ."[1] (Compl. (Doc. No. 1) at 2.) Fearing for his safety plaintiff
4  retreated. Thereafter, Sylden and Nuxoll filed a false police report alleging that plaintiff had
5  waived a silver hand gun at them. Just prior to when defendant D. Saunders, a Nevada County
6  Deputy Sheriff, made contact with plaintiff, plaintiff had been shooting his rifle. Plaintiff
7  pointed the rifle at an oak tree when a car passed by so plaintiff lowered the rifle and placed the
8  loaded rifle on the seat of his vehicle. Deputy Saunders approached in a Honda SUV with red
9  flashing lights, exited with his gun drawn and asked plaintiff if he was Jim Owens and what he
10 was doing. Plaintiff responded that he was Jim Owens and that he was shooting his "gun."
11 (Compl. (Doc. No. 1) at 2.) Deputy Saunders identified himself as a deputy sheriff, handcuffed
12 plaintiff and told him to sit down. Deputy Saunders then confiscated plaintiff's loaded rifle from
13 inside plaintiff's vehicle. Minutes later, two marked sheriffs' vehicles arrived. Deputy Saunders
14 spoke with the two arriving deputies and informed plaintiff that a police report had been filed by
15 Sylden and Nuxoll alleging that plaintiff had waived a hand gun at them earlier that morning.
16 Deputy Saunders then informed the two other deputies that plaintiff had a loaded rifle in his
17 vehicle. One of the deputies issued plaintiff a citation and plaintiff was released, though Deputy
18 Saunders kept plaintiff's rifle. A criminal complaint was later filed against plaintiff in state
19 court.

20        Based on these allegations, plaintiff's complaint purports to raise a claim pursuant
21 to 42 U.S.C. § 1983 against Deputy Saunders alleging a violation of plaintiff's rights under the
22 Fourth and Fourteenth Amendments for unlawful arrest, as well as state law claims for slander,
23 false arrest and conversion of property.
24 /////

---

26 [1] Plaintiff is currently proceeding in another civil action in this court against Slyden and Nuxoll. See James N. Owens v. Russell Nuxoll; Janet Sylden, 2:12-cv-01482 JAM KJN PS.

1    The only asserted claim giving rise to federal jurisdiction in this action is
2 plaintiff's alleged claim that his arrest was unlawful under the Fourth and Fourteenth
3 Amendments.  The Fourth Amendment, which applies to the states through the Fourteenth
4 Amendment, protects against unreasonable searches and seizures by law enforcement officers.
5 Mapp v. Ohio, 367 U.S. 643, 655 (1961).  The Fourth Amendment requires law enforcement
6 officers to have at least a reasonable suspicion of criminal activity before making a brief
7 investigatory stop ("Terry stop").  See Terry v. Ohio, 392 U.S. 1, 9 (1968); United States v.
8 Johnson, 581 F.3d 994, 999 (9th Cir. 2009) ("Police may detain or seize an individual for brief,
9 investigatory purposes, provided the officers making the stop have reasonable suspicion that
10 criminal activity may be afoot.") (citation and internal quotation marks omitted).  During a Terry
11 stop, "the officer may ask the detainee a moderate number of questions to determine his identity
12 and to try to obtain information confirming or dispelling the officer's suspicions."  Berkemer v.
13 McCarty, 468 U.S. 420, 439 (1984).

14    In determining whether a stop was justified by a reasonable suspicion, the Court
15 considers whether, in light of the totality of the circumstances, law enforcement had "a
16 particularized and objective basis for suspecting the particular person stopped of criminal
17 activity."  United States v. Cortez, 449 U.S. 411, 417-18 (1981).  For purposes of this analysis,
18 the totality of the circumstances includes "objective observations, information from police
19 reports, if such are available, and consideration of the modes or patterns of operation of certain
20 kinds of law-breakers."  Id. at 418.

21    Here, according to the allegations of plaintiff's complaint, it appears that Deputy
22 Saunders contacted plaintiff because Sylden and Nuxoll had filed a police report accusing
23 plaintiff of waiving a hand gun at them.  The drawing or exhibiting of a firearm in the presence
24 of another person in a rude, angry, or threatening manner is a crime under California law.  See
25 CAL. PENAL CODE § 417.  In his complaint plaintiff alleges that when Deputy Saunders asked
26 him what he was doing, plaintiff responded that he "was shooting [his] gun."  (Compl. (Doc. No.

4

1) at 2.) Thus, the allegations of plaintiff's own complaint show that Deputy Saunders clearly had a particularized and objective basis for suspecting that plaintiff had engaged in criminal activity.

   Morever, "[a] number of Ninth Circuit cases illustrate the types of conditions under which aggressive police actions during a Terry stop are warranted, and therefore do not constitute an arrest." Jackson v. Johnson, 797 F. Supp.2d 1057, 1064-65 (D. Mont. 2011). See, e.g., United States v. Miles, 247 F.3d 1009, 1011-13 (9th Cir. 2001) (approaching suspect with guns drawn, forcing him to kneel and handcuffing him before conducting any investigation did not constitute an arrest where officers had a report of an armed suspect and were outnumbered three to two in the immediate vicinity); Allen v. City of Los Angeles, 66 F.3d 1052, 1055-57 (9th Cir. 1995) (intoxicated passenger forced to lie on the ground and handcuffed at gunpoint, held not to constitute an arrest where companion was combative, passenger was drunk and stop was preceded by a high-speed car chase); United States v. Alvarez, 899 F.2d 833, 836-39 (9th Cir. 1990) (no arrest where police approached with weapons drawn after receiving credible tip that subject possessed explosives); United States v. Greene, 783 F.2d 1364, 1366-68 (9th Cir. 1986) (police ordered subject seated in a car to place hands on the headliner and drew weapons when he did not immediately comply, held not to constitute an arrest where police had informant's report that the suspect was in possession of a pistol); United States v. Taylor, 716 F.2d 701, 708-09 (9th Cir. 1983) (no arrest when police handcuffed companion of suspected drug dealer at gunpoint where police had strong evidence of drug activity and received briefing that dealer and his companions should be considered dangerous); United States v. Bautista, 684 F.2d 1286, 1287-90 (9th Cir. 1982) (handcuffing of two subjects justified, and not an arrest, where police suspected subjects of armed robbery and knew that a third suspect might still be in the vicinity).

   However, even assuming plaintiff was arrested by the deputies, his complaint fails to state a cognizable claim. The Fourth Amendment requires that an arrest be supported by probable cause. Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001). "[A] warrantless

arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." Devenpeck v. Alford, 543 U.S. 146, 152 (2004) (citations omitted).

An arrest is supported by probable cause if, under the totality of the circumstances known to the arresting officer, a prudent person would have concluded that there was a fair probability that the defendant had committed a crime. Luchtel v. Hagemann, 623 F.3d 975, 980 (9th Cir. 2010); see also Ramirez v. City of Buena Park, 560 F.3d 1012, 1023 (9th Cir. 2009). The inquiry is not whether the suspect actually committed the offense, but rather whether a reasonable officer, based on information known to him/her at the time, had probable cause to think that the suspect could have committed the offense. See Blankenhorn v. City of Orange, 485 F.3d 463, 475 (9th Cir. 2007).

Here, according to the allegations of plaintiff's own complaint, after Deputy Saunders contacted plaintiff, presumably in response to the police report filed by Sylden and Nuxoll accusing plaintiff of waving a hand gun at them, Deputy Saunders asked plaintiff what he was doing and plaintiff informed Saunders that he had been firing his "gun." (Compl. (Doc. No. 1) at 2.) As noted above, the drawing or exhibiting of a firearm in the presence of another person in a rude, angry, or threatening manner is a crime under California law. In this regard, based on the information known to Deputy Saunders at the time he handcuffed plaintiff, a reasonable officer would have probable cause to think that plaintiff could have committed that criminal offense.

Moreover, plaintiff has alleged in the complaint that prior to Deputy Saunders' arrival plaintiff had been firing his rifle, which plaintiff left loaded in his vehicle after a car had passed by the area. After plaintiff informed Deputy Saunders that he had been "shooting [his] gun," Saunders handcuffed plaintiff and retrieved the loaded rifle from plaintiff's vehicle. (Compl. (Doc. No. 1) at 2.) Although plaintiff's complaint does not indicate with any specificity the nature of the citation he received or the criminal charges brought against him in state court as

1  a result of this incident, it appears from the allegations of the complaint that his conduct with
2  respect to the shooting of the rifle and placing of the loaded rifle in his vehicle may well have
3  also been unlawful.  See CAL. FISH & G. CODE § 2006 ("It is unlawful to possess a loaded rifle or
4  shotgun in any vehicle or conveyance or its attachments which is standing on or along or is being
5  driven on or along any public highway or other way open to the public."); CAL. PENAL CODE §
6  374c ("Every person who shoots any firearm from or upon a public road or highway is guilty of a
7  misdemeanor."); CAL. PENAL CODE § 25850 ("A person is guilty of carrying a loaded firearm
8  when the person carries a loaded firearm on the person or in a vehicle while in any public place
9  or on any public street in an incorporated city or in any public place or on any public street in a
10 prohibited area of unincorporated territory.").  [W]arrantless arrests for crimes committed in the
11 presence of an arresting officer are reasonable under the Constitution . . . ."[2]  Virginia v. Moore,
12 553 U.S. 164, 176-77 (2008).

13          The court finds that plaintiff has failed to state a cognizable unlawful arrest claim
14 upon which relief may be granted.  Accordingly, the complaint's sole claim for relief based upon
15 an alleged violation of federal law, should be dismissed for failure to state a claim upon which
16 relief may be granted.  The undersigned has carefully considered whether plaintiff could file an
17 amended complaint that states a cognizable federal claim that would not be subject to dismissal.
18 "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and
19 futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th
20 Cir. 1988).  See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276,
21 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely given, the court does not
22 /////

---

[2] Moreover, if plaintiff was later convicted of an offense based on the citation he received as a result of this incident, his claim against Deputy Saunders may well be Heck-barred. See Szajer v. City of Los Angeles, 632 F.3d 607, 611 (9th Cir. 2011) (quoting Heck v. Humphrey, 512 U.S. 477, 487 (1994) ("Thus, if finding in favor of a § 1983 plaintiff 'would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed.'")).

have to allow futile amendments). In light of the deficiencies noted above, the undersigned finds that it would be futile to grant plaintiff leave to amend with respect to any federal cause of action.

If these findings and recommendations are adopted, only plaintiff's claims based on alleged violation of state law will remain. A district court may decline to exercise supplemental jurisdiction over state law claims if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The court's discretion to decline jurisdiction over state law claims is informed by the values of judicial economy, fairness, convenience, and comity. Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc). In addition, "[t]he Supreme Court has stated, and [the Ninth Circuit] ha[s] often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" Acri, 114 F.3d at 1001 (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988)). See also Satey v. JP Morgan Chase & Co., 521 F.3d 1087, 1091 (9th Cir. 2008) (recognizing this principle but noting that dismissal of the remaining state law claims is not mandatory).

Of course, "primary responsibility for developing and applying state law rests with the state courts." Curiel v. Barclays Capital Real Estate Inc., Civ. No. S-09-3074 FCD/KJM, 2010 WL 729499, at *1 (E.D. Cal. Mar. 2, 2010). Here, as in the usual case, consideration of judicial economy, fairness, convenience, and comity all point toward declining to exercise supplemental jurisdiction. Therefore, the undersigned will also recommend that the assigned District Judge decline to exercise supplemental jurisdiction over plaintiff's state law claims and that they be dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's August 16, 2012 application to proceed in forma pauperis (Doc. No. 2) be denied;

/////

        2. Plaintiff's unlawful arrest claim brought pursuant to the Fourth and Fourteenth Amendments be dismissed without leave to amend;

        3. The court decline to exercise supplemental jurisdiction over plaintiff's state law claims and plaintiff's state law claims be dismissed without prejudice under 28 U.S.C. § 1367(c)(3); and

        4. This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 8, 2012.

                              /s/ Dale A. Drozd  
                              DALE A. DROZD  
                              UNITED STATES MAGISTRATE JUDGE

DAD:6  
Ddad1\orders.pro se\owens2133.ifp.den.f&rs